IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Linda R. Estep,           3:19CV2613

    Plaintiff,

    v.          **ORDER**

Andrew Saul,
Commissioner of Social Security,

    Defendant.

This is an appeal from the denial of Social Security benefits. The Honorable Magistrate Judge William H. Baughman, Jr. has issued a Report and Recommendation, recommending that I grant the appeal and remand the matter to the Commissioner of Social Security. (Doc. 23). The Commissioner has filed objections (Doc. 24).

For the following reasons, I overrule the Commissioner's objections and approve and adopt Judge Baughman's Report and Recommendation.

## Discussion

Judge Baughman recommends that I remand this case to the Commissioner because in evaluating Estep's treating physician's opinion, the ALJ failed to follow the procedure for evaluating treating physicians' opinions mandated by *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). (Doc. 23, pgID 2045-47).

In *Gayheart*, the Sixth Circuit defined a two-step analysis for determining what weight to afford a treating physician's opinion.

In the first step, an ALJ must afford such opinions "controlling weight if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory

1

diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Id.* at 376 (quoting 20 C.F.R. § 404.1527(c)(2)).

In step two, the ALJ determines what weight to give to a treating physician's opinion "based on the length, frequency, nature, and extent of the treatment relationship, *id.,* as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." *Id.*

The court in *Gayheart* "emphasized that the regulations require two distinct analyses, applying two separate standards in assessing the opinions of treating sources." *Aiello-Zak v. Comm'r of Soc. Sec.*, 47 F. Supp. 3d 550, 555 (N.D. Ohio 2014). The ALJ only considers the step-two factors if the ALJ first applies the step-one factors and decides not to give a treating-physician's opinion controlling weight. *Gayheart, supra*, 710 F.3d at 376.

The Sixth Circuit has directed that in conducting this analysis,

> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. Id. § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."

*Id.* (quoting SSR No. 96–2p, 1996 WL 374188, at *5 (1996).

The court in *Gayheart* held that the regulation regarding treating physicians "bestows a 'substantial right' on parties before the agency, and 'it is incumbent upon agencies to follow their own procedures . . . even where the internal procedures are possibly more rigorous than otherwise would be required.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (quoting *Morton v. Ruiz,* 415 U.S. 199, 235 (1974)). As a result, "[a]n ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight' given '*denotes a lack of substantial*

*evidence,* even where the conclusion of the ALJ may be justified based upon the record.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (emphasis the court's) (quoting *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 243 (6th Cir. 2007)).

The ALJ's entire discussion of Dr. Siddiqui's opinion was to list the limitations she stated and then to provide the following reasoning:

> This opinion is given little weight as it is inconsistent with the objective medical evidence as described above (16F, 20F, 23F, 19F) as well as Dr. Siddiqui's own treatment records which describe the claimant's musculoskeletal as negative for neck and back pain, and neurological as negative for weakness and numbness (9F/16, 22).

(Doc. 14, pgID 1057).

The ALJ's earlier discussion of Estep's objective medical evidence to which she referred merely noted Estep's diagnosis and noted that she had an antalgic gait during an examination in September 2016. (Doc. 14, pgID 1056). It further stated that she had had a normal gait during a February 2018 examination but that she had an antalgic gait again in May 2018. She underwent physical therapy for back pain in July 2018.

Judge Baughman found that the ALJ's analysis failed to identify Dr. Siddiqui as Estep's treating physician and failed to address the presumption that a treating physician's opinion is entitled to controlling weight. (Doc. 23, pgID 2045). He also found that the ALJ failed either to address the two elements of the first *Gayheart* step or the factors in the test's second step.[1] (*Id.*).

---

[1] More accurately, the ALJ only addressed one of the factors in the second step of the test: the consistency of the opinion with the record evidence, in the form of Dr. Siddiqui's treatment records. (Doc. 14, pgID 1057). "[A]ny inconsistency between a treating physician's opinion and treating notes properly is applied only after the ALJ has determined that the opinion will not be given controlling weight. *Fazio v. Comm'r of Soc. Sec.*, No. 1:17 CV 842, 2018 WL 3235656, at *8 (N.D. Ohio) (Baughman, M.J.), *report and recommendation adopted*, No. 1: 17 CV 842, 2018 WL 3235550 (N.D. Ohio July 2, 2018) (Nugent, J.).

3

His ruling that the ALJ failed to explain adequately his basis for discounting the treating physician's opinion is accurate.

The Sixth Circuit holds that I must "reverse and remand a denial of benefits, even though 'substantial evidence otherwise supports the decision of the Commissioner,' when the ALJ fails to give good reasons for discounting the opinion of the claimant's treating physician." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (quoting *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 543-46 (6th Cir. 2004)). "[T]he reason-giving requirement exists to "ensur[e] that each denied claimant receives fair process, . . ." *Blakley, supra*, 581 F.3d at 407.

A mere declaration that the physician's opinion is inconsistent with his or her treatment notes is insufficient. *Harris v. Comm'r of Soc. Sec.*, No. 5:10 CV 283, 2011 WL 5523669, at *6 (N.D. Ohio) (Baughman, M.J.) (citing *Friend, supra*, 375 F. App'x at *6). ALJs must "clearly articulate . . . the specific points of any inconsistencies between the treatment notes and the opinions." (*Id.*). "The clear teaching of the Sixth Circuit is that the ALJ must perform that analysis of the evidence and so provide a clear roadmap for the court to follow in reviewing that analysis. Anything less deprives the claimant of due process and requires that the matter be remanded." *Thomas v. Comm'r of Soc. Sec.*, No. 1:12 CV 780, 2013 WL 5353317, at *6 (N.D. Ohio) (Baughman, M.J.)

Here, the only support the ALJ provided for discounting Dr. Siddiqui's opinion was a reference to her earlier, minimal discussion of Dr. Siddiqui's treatment notes regarding three examinations. In substance, the cited information stated that Estep had an antalgic gait during two examinations while she did not during a third and that she exhibited normal strength and sensation during one examination. (Doc. 9, pgID 72). It is not apparent how that limited

4

information supports a decision to reject the treating physician's opinion, and the ALJ failed to explain it.

The ALJ has failed to "provide 'good reasons' in the form a sufficiently clear 'logical bridge from the evidence to the conclusion'" to discount Dr. Siddiqui's opinion. *Hayes v. Comm'r of Soc. Sec.*, No. 1:16 CV 365, 2017 WL 1023660, at *7 (N.D.) (Baughman, M.J.) (quoting *Smith v. Comm'r of Soc. Sec.*, No. 5:13 cv 870, 2014 WL 1944247, at *7 (N.D. Ohio) (Baughman M.J.)). The decision, therefore, is not supported by substantial evidence.

The Commissioner argues that it is apparent the ALJ was aware Dr. Siddiqui was a treating physician because she reviewed his treatment notes. The question, however, is not whether the ALJ was aware that Dr. Siddiqui was a treating physician, but whether she properly applied the treating-physician standard in her review. She did not.

The Commissioner also attempts to salvage the decision by pointing to the fact the ALJ cited generally to several entire sets of exhibits and by citing to particular pages and statements within exhibits that the ALJ never referenced. That analysis cannot support the ALJ's decision. My "review is limited to the articulation in the opinion itself that explains the decision in terms of regulatory factors, not mere reference to exhibits within the record that, if reviewed by the court, may support the ALJ's weight decision." *Jones v. Comm'r of Soc. Sec.*, No. 5:17 CV 1442, 2018 WL 4566048, at *7 (N.D. Ohio) (Baughman, M.J.), *report and recommendation adopted sub nom*. *Jones v. Comm'r of Soc. Sec. Admin.*, No. 5:17CV1442, 2018 WL 4354963 (N.D. Ohio) (Nugent, J.); *accord Smith, supra*, 2014 WL 1944247, at *7.

As the Sixth Circuit recently stated, courts "do not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from [ALJs] that do not

comprehensively set forth the reasons for the weight assigned to a treating physician's opinion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 554–55 (6th Cir. 2020). This is just such a case.

Accordingly, it is hereby

ORDERED THAT:

1. The Report and Recommendation (Doc. 23) be, and the same hereby is, approved and adopted;

2. Defendant's objection to the Report and Recommendation (Doc. 24) be, and the same hereby is, overruled;

3. Plaintiff's request for review be, and the same hereby is, granted;

4. This case be, and the same hereby is, remanded to the Commissioner for further proceedings consistent with this opinion; and

5. The Clerk shall mark this matter closed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge